## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

DARYL ANTHONY GREEN,

      Appellant,

      v.

PRINCE GEORGE'S COUNTY OFFICE OF
CHILD SUPPORT ENFORCEMENT and
PRINCE GEORGE'S COUNTY
MUNICIPAL CORPORATION,

      Appellees.

Civil Action No. TDC-20-2871
Civil Action No. TDC-20-3183

## MEMORANDUM OPINION

Appellant Daryl Anthony Green has filed two appeals challenging six Orders of the United States Bankruptcy Court for the District of Maryland arising from Green's Chapter 13 bankruptcy proceeding. The appeals contest orders by the bankruptcy court relating to Green's efforts to challenge a proof of claim submitted by Appellees Prince George's County Office of Child Support Enforcement and Prince George's County Municipal Corporation. For the reasons set forth below, both appeals will be dismissed.

## BACKGROUND

These appeals arise out of Green's Chapter 13 petition and related bankruptcy proceedings. On March 18, 2019, Green filed a voluntary Chapter 13 petition for bankruptcy. On April 25, 2019, the Prince George's County Office of Child Support Enforcement ("PGCOCSE") filed a proof of claim, asserting that Green owed his ex-wife—on behalf of whom it filed the claim— $19,915.88 in unpaid child support.

The Court has previously addressed other appeals by Green of bankruptcy court orders relating to PGCOCSE's proof of claim and incorporates by reference its opinions and orders resolving those appeals. *See* Mem. Order, *Green v. Prince George's Cnty. Office of Child Support Enf.*, No. TDC-20-0250 (D. Md. June 9, 2020) (ECF No. 10); *Green v. Prince George's Cnty. Office of Child Support Enf.*, No. TDC-19-2852, 2020 WL 4436371 (D. Md. Aug. 3, 2020); Mem. Order, *Green v. Prince George's Cnty. Office of Child Support Enf.*, No. TDC-19-3449 (D. Md. Dec. 23, 2020) (ECF No. 14). Because the Court described in those rulings the procedural history of Green's bankruptcy proceedings and past appeals, it will summarize this history only as relevant here.

On August 14, 2019, Green filed an adversary complaint against PGCOCSE seeking, among other things, invalidation of its proof of claim and "the restoration of . . . Green's driver's license and his [p]assport." Adversary Compl. at 52, 68, Bankr. No. 19-00308 (Dkt. No. 1-1). On August 15, 2019, Green was issued an initial summons to conduct service of the adversary complaint on PGCOCSE. Green later filed certificates of service asserting that he had served the Prince George's County Executive, an attorney for PGCOCSE, and the Maryland State Treasurer, but, on December 26, 2019, the bankruptcy court ruled that none of "these persons are the persons upon which service must be made" under the relevant rules and ordered that if Green did "not properly serve the defendants in this adversary proceeding within 30 days of the entry of this Order, the Court may dismiss this adversary proceeding without further notice or a hearing." Order Denying Request for Entry of Default at 2, Bankr. No. 19-00308 (Dkt. No. 29). On January 24, 2020, Green filed a document stating that these same officials, as well as the Governor of Maryland, the Attorney General of Maryland, and the Prince George's County Attorney, had been served on October 8, 2019.

2

Several months later, Green filed the following five motions in the adversary proceeding: (1) an August 3, 2020 Amended Motion to Compel Discovery; (2) an August 7, 2020 Motion for Clerk's Entry of Default; (3) an August 14, 2020 Amended Request for Judicial Notice seeking that the court take judicial notice of Article VI of the United States Constitution, certain case law, an amicus brief, and other legal materials; (4) an August 14, 2020 Motion to Reinstate Maryland Driver's License and Federal Passport Privileges with Injunctive/Declaratory Relief; and (5) a September 18, 2020 Motion to Cancel/Postpone/Re-Schedule Hearings relating to a hearing on PGCOCSE's Motion to Dismiss set to occur on September 30, 2020.

The bankruptcy court addressed all five motions on September 24, 2020. As to Green's Motion to Cancel the hearing, it granted a continuance of the hearing based on its determination that Green had not conducted service within seven days of the issuance of the original summons, as required by Federal Rule of Bankruptcy Procedure 7004(e), so he had to obtain a new summons and effect service before the case could proceed further. *See* Order at 3-4, Bankr. No. 19-00308 (Dkt. No. 68); Fed. R. Bankr. P. 7004(e) (requiring service to be conducted within seven days of the summons issuance). The bankruptcy court further ordered Green to obtain new summons and conduct proper service "no later than October 14, 2020," and it warned Green that if he failed "to comply fully" with that instruction, the court "may dismiss this adversary proceeding without further notice or a hearing." *Id.* at 5. In separate orders on September 24, 2020, the bankruptcy court denied Green's Motion to Compel and Motion for Clerk's Entry of Default because Green had not effectuated proper service. The bankruptcy court did not rule on Green's Amended Request for Judicial Notice but rather stated that it would "consider the matter in connection with all other matters in this adversary proceeding." Court Instruction, Bankr. No. 19-00308 (Dkt. No. 70). Finally, the Court denied Green's Motion to Reinstate his driver's license and passport on the

3

grounds that this constituted injunctive relief, which should be pursued through "an adversary complaint, not by motion." Order, Bankr. No. 19-00308 (Dkt. No. 71). On September 30, 2020, Green timely filed a notice of appeal of these five decisions, which has resulted in Civil Action No. TDC-20-2871 in this Court ("Appeal No. TDC-20-2871").

On October 8, 2020, the bankruptcy court reissued summons to Green. Green, however, never conducted service with the new summons. On October 19, 2020, the bankruptcy court dismissed without prejudice Green's adversary proceeding against PGCOCSE pursuant to Federal Rule of Civil Procedure 4(m) and Bankruptcy Rule 7004(a), on the grounds that Green had not conducted proper service despite the court's September 24, 2020 Order instructing him to do so, and he had not sought a stay of the adversary proceeding while another of his appeals to this Court was pending. Order of Dismissal at 1, Bankr. No. 19-00308 (Dkt. No. 97). On November 2, 2020, Green timely filed a notice of appeal of the dismissal, which has resulted in Civil Action No. TDC-20-3183 in this Court ("Appeal No. TDC-20-3183").

## DISCUSSION

Upon review of these two appeals, the Court finds that neither involves a final judgment or order that is properly appealable. Accordingly, both appeals will be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 158(a) (2018).

## I.      Standard of Review

When reviewing a bankruptcy court's order, the district court acts as an appellate court. *Id.* § 158(a)(1). It reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error. *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir. 1992).

4

## II.    Bankruptcy Appellate Jurisdiction

By statute, litigants in federal bankruptcy courts may appeal to federal district courts as of right from "final judgments, orders, and decrees" and certain specified interlocutory orders, but may appeal from "other interlocutory orders and decrees" only "with leave of the court." 28 U.S.C. § 158(a). "Orders in bankruptcy cases qualify as final when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020).

A litigant in a federal bankruptcy case may appeal an interlocutory order with leave of the court where the litigant demonstrates "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *In re Pawlak*, 520 B.R. 177, 182 (D. Md. 2014). Exceptional circumstances should be found to exist only where (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion on the issue resolved; and (3) the interlocutory appeal would materially advance the termination of the litigation. *In re Pawlak*, 520 B.R. at 182.

## III.    Appeal No. TDC-20-2871

The September 24, 2020 Orders that Green seeks to appeal do not definitively dispose of a discrete dispute. First, Green's Motion to Cancel the hearing was granted in part and he received the procedural relief sought—a continuance of the hearing. As a result, the bankruptcy court's resolution of that Motion left the resolution of the underlying dispute—the adversary complaint— unresolved.

Second, as to Green's Motion to Reinstate his driver's license and passport, the bankruptcy court's denial of that Motion did not address Green's request for injunctive relief on the merits but

instead deferred it to the proper procedural setting—an adversary proceeding on the merits. *See* Fed. R. Bankr. P. 7001(7) (listing "a proceeding to obtain an injunction or other equitable relief" as a type of "adversary proceeding"). Indeed, Green himself had already included as part of the relief sought in the adversary complaint a request for restoration of his driver's license and passport. *See* Adversary Compl. at 68, Bankr. No. 19-00308 (Dkt. No. 1-1) (requesting that the court "Issue an Order Granting the restoration of both Mr. Green's driver's license and his Passport").

Third, the bankruptcy court specifically did "not rule on the Request" for Judicial Notice; rather, it advised Green that it would consider the information provided when resolving the adversary complaint on the merits. Court Instruction, Bankr. No. 19-00308 (Dkt. No. 70). As a result, the bankruptcy court's response to this request deferred until later, rather than disposed of, the question of whether the bankruptcy court would take judicial notice of the particular documents identified by Green.

Fourth and finally, the bankruptcy court's denials of Green's Motion to Compel Discovery and Motion for Clerk's Entry of Default in the adversary proceeding were based on Green's failure to effect service properly, a procedural ruling that was not final because the bankruptcy court then provided another opportunity for Green to effect service. Thus, the denial of these motions on intermediate steps in the adversary proceeding did not "definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc.*, 140 S. Ct. at 586. Because all of the bankruptcy court's September 24, 2020 Orders did not result in the resolution of Green's adversary proceeding, or even a specific request for relief within that proceeding such as his requests to have PGCOCSE's proof of claim invalidated or to have his driver's license and passport restored, the

6

challenged Orders did not "terminate[] a procedural unit" and so are not final for purposes of 28 U.S.C. § 158(a). *Ritzen Grp., Inc.*, 140 S. Ct. at 591.

Nor are there grounds to grant leave for Green to pursue an interlocutory appeal of one or more of the September 24, 2020 Orders. Even if Green had requested such leave, he has not identified in any Order either a controlling question of law or a substantial ground for a difference of opinion on the issue resolved, nor has he explained how "an immediate appeal would materially advance the termination of the litigation." *See In re Pawlak*, 520 B.R. at 182. Thus, this Court lacks jurisdiction to hear Green's appeal of these Orders and will dismiss it. *See* 28 U.S.C. 158(a).

## IV.     Appeal No. TDC-20-3183

The October 19, 2020 Order appealed by Green also does not definitively dispose of a discrete dispute. That Order dismissed without prejudice Green's adversary proceeding against PGCOCSE on procedural grounds: that Green never conducted proper service of the adversary complaint on PGCOCSE even though the bankruptcy court issued summons on multiple occasions and then, on September 24, 2020, ordered Green to conduct proper service "no later than October 14, 2020" and warned him that failure to do so could result in dismissal of the adversary complaint. Order at 3-4, Bankr. No. 19-00308 (Dkt. No. 68). By dismissing the adversary complaint without prejudice based on a procedural reason, the Order never addressed, let alone finally decided, Green's adversary complaint or the validity of the PGCOCSE proof of claim. The Order did not preclude Green from seeking to reassert his adversary complaint when he was prepared to effect service. *See In re Wynn*, 778 F. App'x 40, 41 (2d Cir. 2019) (holding that a bankruptcy court order denying motions without prejudice was not a final order because nothing prevented the appellant "from refiling"); *cf. Metcalf v. GEO Grp.*, Inc., 851 F. App'x 445, 446 (4th Cir. 2021) (dismissing an appeal for lack of jurisdiction after concluding that the district court's dismissal of the

7

appellant's complaint "without prejudice for failure to effect service of process" was not an appealable "final order"); *Young v. Nickols*, 413 F.3d 416, 418 (4th Cir. 2005) ("Generally, an order dismissing a complaint without prejudice is not an appealable final order under 28 U.S.C. § 1291 when 'the plaintiff could save his action by merely amending his complaint.'" (quoting *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir.1993))). Thus, the Order did not "definitively dispose of [a] discrete dispute[] within the overarching bankruptcy case." *Ritzen Grp., Inc.*, 140 S. Ct. at 586. Because the Order was not a final judgment or order, this Court lacks jurisdiction to hear Green's appeal. *See* 28 U.S.C. § 158(a)(1).

Green also has not identified in the October 19, 2020 Order a basis for an interlocutory appeal, such as a controlling question of law, a substantial ground for difference of opinion on the issue resolved, or a basis to conclude that such an appeal would "materially advance the termination of the litigation." *See In re Pawlak*, 520 B.R. at 182. Accordingly, the Court will dismiss Appeal No. TDC-20-3183 for lack of jurisdiction.

In the alternative, the Court finds that, even if it had jurisdiction, Green's appeal would fail on the merits. Service in a bankruptcy court adversary proceeding must be conducted "within 7 days after the summons is issued," and a new summons must be issued if timely service was not conducted with the first summons. Fed. R. Bankr. P. 7004(e). Under Federal Rule of Civil Procedure 4(m), which applies to bankruptcy court adversary proceedings, Fed. R. Bankr. P. 7004(a)(1), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," Fed. R. Civ. P. 4(m). Here, Green filed the adversary complaint on August 14, 2019 and received summons on August 15, 2019. Although he eventually filed certificates of service on January 24, 2020, these

documents listed a service date of October 8, 2019, well after the permitted seven-day period had ended. *See* Fed. R. Bankr. P. 7004(e).  On September 24, 2020, more than a year after Green initiated the adversary proceeding, the bankruptcy court ordered Green, in accordance with Rule 4(m), to conduct proper service by October 14, 2020 or else have the adversary complaint dismissed.  Despite the court's order, Green, after receiving a new summons on October 8, 2020, never conducted proper service with that reissued summons.  As a result, the bankruptcy court's October 19, 2020 Order properly dismissed Green's adversary complaint for failure to conduct proper service. *See* Fed. R. Bankr. P. 7004(e); Fed. R. Civ. P. 4(m).  Thus, even if this Court had jurisdiction, it would affirm the bankruptcy court's October 19, 2020 Order.

## CONCLUSION

For the foregoing reasons, Green's appeals in Case No. TDC-20-2871 and Case No. TDC-20-3183 will be dismissed.  A separate Order shall issue.

Date:  August 10, 2021

THEODORE D. CHUANG
United States District Judge